# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BP ASSETS GROUP, LLC and TSENG INVESTMENT, LLC,<br><br>        Plaintiffs,<br><br>    v.<br><br>EVANGELINA NADONZA, WILFREDO NADONZA,<br><br>        Defendants. | Case No. 12-cv-3106 NC<br><br>**REFERRAL FOR REASSIGNMENT WITH RECOMMENDATION TO REMAND CASE** |

      Plaintiffs BP Asset Group, LLC and Tseng Investment, LLC initiated this unlawful detainer action in the Superior Court of California, County of San Mateo. Defendants Evangelina Nadonza and Wilfredo Nadonza, proceeding pro se, removed this action to federal court on June 15, 2012. Not. Removal, Dkt. No. 1. As the parties have not consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c), this Court does not have authority to make a dispositive ruling in this case. Accordingly, the Court orders that this case be REASSIGNED to a District Court Judge. The Court RECOMMENDS that the action be REMANDED to state court as defendants' notice of removal fails to establish federal subject matter jurisdiction.

//

1    A defendant may remove a state court action to federal court if the federal court
2 would have original subject matter jurisdiction under 28 U.S.C. § 1331, federal question
3 jurisdiction, or 28 U.S.C. § 1332, diversity jurisdiction.  28 U.S.C. § 1441.
4    For this court to have federal question jurisdiction, plaintiffs' case must arise under
5 federal law.  28 U.S.C. § 1331.  "A case 'arises under' federal law within the meaning of
6 § 1331 if 'a well-pleaded complaint establishes either that federal law creates the cause of
7 action or that the plaintiff's right to relief necessarily depends on resolution of a
8 substantial question of federal law.'"  *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d
9 1208, 1219 (9th Cir. 2009) (citations omitted).  Under the "well-pleaded complaint" rule,
10 the "federal question on which jurisdiction is premised cannot be supplied via a defense;
11 rather, the federal question must 'be disclosed upon the face of the complaint, unaided by
12 the answer.'"  *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083,
13 1086 (9th Cir. 2009) (citing *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127-28
14 (1974)).
15    Where no federal question exists, a court may permit removal under 28 U.S.C.
16 § 1332 where "the matter in controversy exceeds the sum or value of $75,000 . . . and is
17 between . . . citizens of different states."  28 U.S.C. § 1332(a).  In addition, removal based
18 on diversity jurisdiction if appropriate only if "none of the . . . defendants is a citizen of
19 the State in which such action is brought."  28 U.S.C. § 1441(b)(2).
20    A federal district court must remand a removed case to state court "if at any time
21 before the final judgment it appears that the district court lacks subject matter
22 jurisdiction."  28 U.S.C. § 1447(c); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.
23 1992).
24    The Court first considers whether the complaint raises a federal question.  Here,
25 the operative complaint alleges a single unlawful detainer claim arising under California
26 Civil Code § 1161a.  *See* Not. Removal, Ex. A (Complaint).  Though defendants allege
27 federal law defenses in both their answer and demurrer to the complaint, these defenses
28 fail to create a federal question.  *See Provincial Gov't of Marinduque*, 582 F.3d at

1086-87.

Second, this action cannot be removed based on diversity jurisdiction under 28 U.S.C. § 1332, which requires complete diversity in citizenship and that the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332(a). In unlawful detainer actions, "the right to possession alone [is] involved–not title to the property." *Litton Loan Servicing, L.P. v. Villegas*, No. 10-cv-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) (citations omitted). Damages are therefore limited to the rental value of the property during the period of unlawful possession. *Id.* Plaintiffs have asserted that the rental value of the property during the period of unlawful possession (less than a week at the time the complaint was filed) is less than $10,000. *See* Not. Removal, Ex. A. Defendants have not disputed this amount. The Court finds defendants have failed to meet the amount in controversy requirement.

In addition, an action may be removed on diversity of citizenship grounds only where "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Here, it is undisputed that defendants are both citizens of the state of California. Not. Removal, Ex. A. Because the amount in controversy does not exceed $75,000 and defendants are citizens of the state in which the action is brought, diversity jurisdiction cannot be established. *See* 28 U.S.C. §§ 1332(a), 1441(b)(2).

As the Court lacks subject matter jurisdiction over this action, the Court recommends that the action be REMANDED to state court. The parties may object to this recommendation within fourteen days of the filing date of this order. FED. R. CIV. P. 72(a); Civil L.R. 72-2.

IT IS SO ORDERED.

DATED: June 20, 2012

NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 12-cv-3106 NC
REFERRAL FOR REASSIGNMENT
WITH REC. TO REMAND                3